It must be assumed upon the evidence that the contract for the sale of the lawns was not executory in its character. The bales in the United States bonded warehouse are designated by numbers in the bill of sale which was made out at the time, and they were immediately thereafter delivered. Nothing remained to be done in future to complete the contract of sale. The title to the goods passed in presenti, the same as though the bales had been in the plaintiff's store and within view at the time of the sale, *Page 609 
and it was understood that the plaintiff should transport them to the defendants' store. The case is therefore one of an executed contract, so far as the questions arising on this appeal are concerned.
There was no claim on the trial or argument that the plaintiff was chargeable with a fraudulent sale in any respect. The defence of recoupment rests solely upon the breach of the alleged warranty. If there was a warranty in fact the defendants were entitled to a reduction by way of damages, and perhaps a larger amount than was awarded to them by the jury.
The verdict established the fact of a warranty, and assuming that as the basis of an assessment of damages, the measure which the defendants were entitled to recoup is the difference between the value of the goods in their damaged condition, and what they would have been worth had they answered the terms of the warranty. (Voorhees v. Earl, 2 Hill, 288; Cary v.Gruman, 4 id., 625.) This familiar rule on the sale of chattels was plainly recognized by the learned judge before whom the cause was tried, but in his specific instructions to the jury I think he so far qualified or modified it as to destroy its practical application to the case. Before the commencement of this suit the defendants had sold all the goods at private and auction sale. As to those sold at private sale, the judge charged the jury that the defendants could not recover any damages because they had given no proof of any reclamations having been made by purchasers, or the prices at which the sales were made. As to the goods sold at auction, the recoupment was limited to the difference between the market value of sound lawns and the sale prices.
The charge to the jury, in reference to the goods disposed of at private sale, I think was erroneous. The right to damages for a breach of a contract of warranty does not depend at all upon the circumstance of reclamations, and no presumption can arise, in the absence of proof, that the *Page 610 
goods were sold for the market price of a sound commodity, without any liability to respond in damages. As a criterion of value, it is quite doubtful whether the plaintiff in this case should have been permitted to prove the prices at which the defendants disposed of the goods at private sale. Such proof could only be admissible, I think, on the part of the defendants, and then not conclusive in its character. Under the charge, all the evidence in the case, in regard to that portion of the goods, on the subject of damages, was excluded from the consideration of the jury, thus depriving the defendants of the benefit of the settled rule of damages for the breach of warranty above stated.
The superior court, without passing upon the question of damages, affirmed the judgment of the special term on the ground of waiver, deciding that the acceptance and retainer of the goods, after a reasonable time for inspection had elapsed, without return or notice, was a legal bar to the defence of recoupment. I am not aware of any established principle of law to sustain this decision. In the case of a breach of warranty on the sale of chattels, there is no obligation on the part of the purchaser to return or offer to return the articles as a condition of recovery of damages. (2 Hill, 291; 2 Barn. Adolph., 456.) The purchaser may recoup his damages, in an action for the price, or he may bring his action upon the contract directly, and where there is no fraud, and the contract of sale is executed by passing the title in presenti, the vendee has no legal right to rescind the sale ex parte and return the article. His only remedy is for the breach of the warranty.
The rule is different where the contract of the sale is executory, the title to the article to take effect in futuro,
as where the thing is not present at the time; where there is no opportunity for inspection, and where a future delivery and acceptance to complete the contract is contemplated by the parties. In such a case, the rule caveat emptor has no *Page 611 
application. The contract in this case was fully executed, and the title to the property passed when it was made.
A new trial in this case must be granted, on the ground of the error of the judge who tried the cause in regard to the question of damages.
All the judges, except SELDEN, J., who did not hear the argument and took no part, concurred in reversing the judgment and ordering a new trial.
Judgment accordingly.